IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**SHANNON LEIGH HARPER,**

    **Plaintiff,**

                                  Civil Action 2:18-cv-01143
                                  Chief Judge Edmund A. Sargus, Jr.
    v.                            Magistrate Judge Elizabeth P. Deavers


**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**


### **REPOT AND RECCOMENDATION**

This matter is before the Court for consideration of Plaintiff Shannon Leigh Harper's Amended Application/Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) and Affidavit in Support Thereof. (ECF No. 5.) This Court denied without prejudice (ECF No. 4) Plaintiff's first Motion to Proceed Without Prepayment of Fees (ECF No. 1) because Plaintiff did not complete all the applicable questions in the application. For the following reasons, it is **RECOMMENDED** that Plaintiff's Amended Motion be **DENIED**. (ECF No. 5.)

### **I. Standard**

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) set forth the legal standard governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that a person did not need to be "absolutely destitute to enjoy the benefit of the statute." Furthermore, the statute does not require an individual to "contribute. . . the last

dollar they have or can get." *Id.* The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of [their] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets of the individual. *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (*Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006).

## II. Analysis

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate her inability to pay. Rather, the application reflects that Plaintiff has an approximate monthly income of $3,000 from rent based on subletting and VA disability. (ECF No. 5-2.) This puts Plaintiff at an annual income of approximately $36,000, which is a household income higher than the poverty level for a family of 6. *See Behmlander v. Com'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where plaintiff's affidavit revealed that her household income exceeded reasonable monthly expenses); *Bassett v. Chrysler Ret. Bd.*, No. 14-CV-14311, 2014 WL 6085686, at *1 (E.D. Mich. Nov. 13, 2014) (same); *Daniel v. Dep't of Veterans Affairs*, No. 07-2554-BV, 2008 WL 276481, at *1 (W.D. Tenn. Jan. 30, 2008) (application denied where plaintiff failed to disclose how she was able to pay her monthly mortgage of $1,736 with the monthly earnings disclosed in her affidavit).

Furthermore, Plaintiff states she has retirement savings of $50,000, and owns her home outright at a value of $100,000. (ECF No. 5-3.) Federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013). It does not appear, therefore, that the cost of filing the instant matter is beyond Plaintiff's means. *See id.* at *2 (holding that plaintiff, who had monthly liabilities of $4,337.38 and no monthly income, is ineligible to proceed *in forma pauperis* based on approximately $10,000 in bank accounts, $25,000 in a 401K account, and property worth $166,000).

Considering the foregoing, the Undersigned finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. It is therefore, **RECOMMENDED** that Plaintiff's Amended Motion be **DENIED** (ECF No. 5) and that she be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed.

### III. Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constitute[s] a waiver of his ability to appeal the district court's ruling."); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal. . . .") (citation omitted).

    **IT IS SO ORDERED.**


Date: October 3, 2018                                                             /s/ *Elizabeth A. Preston Deavers*
                                                                                     ELIZABETH A. PRESTON DEAVERS
                                                                                     UNITED STATES MAGISTRATE JUDGE